# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: The Estate of J. Herman Isner,**

**No. 15-0904** (Randolph County 13-C-10)

## MEMORANDUM DECISION

Petitioner Cleveland Biller, as co-trustee of the J. Herman and Doris F. Isner Charitable Trust ("charitable trust"), pro se, appeals the August 25, 2015, order of the Circuit Court of Randolph County directing petitioner to execute the parties' non-judicial settlement agreement pursuant to West Virginia Code § 44D-1-111. Respondents Betty Moomau, Jeff Kyle, and Terry N. Gould, co-trustees of the J. Herman Isner Trust (collectively "farm trust"), by counsel Jeffrey S. Zurbach, filed a response. Respondents Terry N. Gould, Pat A. Nichols, and T. Richard Harvey, co-trustees of the J. Herman Isner Financial Trust (collectively "financial trust"), by Harry A. Smith, III, filed a response. Respondents Jefferson Lee Triplett and Patrick A. Nichols, co-executors of the Estate of J. Herman Isner (collectively "estate"), by counsel Joshua S. Rogers, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

J. Herman Isner died on May 5, 2012, and left an estate worth approximately $5 million in assets. During his lifetime, the decedent created a number of different trusts to pursue various "charitable endeavors" including the preservation of his approximately 250 acre farm as an example of West Virginia agriculture. However, the decedent funded only certain trusts, leaving others unfunded and "irrelevant." Consequently, the estate filed a declaratory judgment action to determine the rights, duties, and powers of the trustees and beneficiaries of the several trusts. Petitioner participated in reaching a settlement of the action during court-ordered mediation on July 2, 2013.

1

In pertinent part, this settlement provided that the terms of the charitable trust would be restated and that a corporate trustee would be appointed to administer it. The case was continued numerous times as the parties drafted a non-judicial settlement agreement pursuant to West Virginia Code § 44D-1-111 and a new trust document entitled "J. Herman and Doris F. Isner Amended and Restated Charitable Trust" ("restated trust"). Petitioner's attorney participated in drafting the parties' non-judicial settlement agreement and of the restated trust. The non-judicial settlement agreement provided that its terms do not violate a material purpose of "the Farm Trust, Financial Trust, . . ., and the Charitable Trust." The restated trust noted that the purpose of this trust was to apply the property and income with which it is endowed "exclusively for charitable, religious, scientific, literary[,] or educational purposes," such as supporting the decedent's farm, which is another "nonprofit tax-exempt organization."

In May of 2015, petitioner fired his attorney. On June 17, 2015, the farm trust filed a motion to compel petitioner and Doris Bonner, a co-trustee of the farm trust,[1] to execute the parties' non-judicial settlement agreement. At a June 18, 2015, hearing, petitioner indicated that he would not execute the parties' non-judicial settlement agreement because he objected to the appointment of Citizens Bank of West Virginia ("Citizens Bank") as the trustee of the restated trust. In making this objection, petitioner acknowledged that it was necessary to amend the charitable trust "to satisfy [Internal Revenue Code §] 501[(c)(3)]" so that it could receive the tax exemption for charitable organizations. However, petitioner stated (1) that the appointment of a corporate trustee was contrary to the decedent's intention of having three individuals serve as trustees of the charitable trust; and (2) that the July 2, 2013, settlement was "breached" because there was a requirement that the parties ensure that any bank appointed as trustee meet a minimum threshold in trust assets managed, "[a]nd they haven't done that." So that petitioner could obtain counsel, the circuit court continued the case until August 5, 2015.

At the August 5, 2015, hearing, the circuit court heard evidence as to whether it should grant the farm trust's motion to compel petitioner and Ms. Bonner to execute the parties' non-judicial settlement agreement. At the beginning of the hearing, petitioner advised the circuit court that he "conceded everything [respondents] want" except for his position that any bank appointed as trustee must meet a minimum threshold in trust assets managed. After the farm trust began its presentation of evidence, petitioner objected on the ground that the only issue left for the circuit court to decide was whether Citizens Bank managed $100 million in trust assets.[2] The

---

[1]Ms. Bonner is identified by the restated trust as a beneficiary under the decedent's will. Ms. Bonner was appointed a co-trustee of the farm trust pursuant to the July 2, 2013, settlement.

[2]At the June 18, 2015, hearing, petitioner stated that the minimum threshold was $50 million in trust assets managed. However, at the August 5, 2015, hearing, petitioner testified that he misspoke at the earlier hearing and that any bank appointed as trustee of the restated trust had to manage $100 million in trust assets to meet the minimum threshold contemplated by the July 2, 2013, settlement.

circuit court overruled petitioner's objection, finding that a fully developed record would aid this Court's review of any decision it would make.

The farm trust offered testimony and evidence to show (1) that Citizens Bank managed approximately $63 million in trust assets; (2) that the July 2, 2013, settlement contained no requirement that the corporate trustee appointed to administer the restated trust must meet a minimum threshold of $100 million in trust assets managed; and (3) that, during the drafting of the parties' non-judicial settlement agreement and of the restated trust, petitioner's then-attorney agreed to Citizens Bank's appointment as trustee. During his testimony, petitioner testified that the farm trust's evidence "established" that his former attorney agreed to Citizens Bank's appointment. However, petitioner argued that his former attorney's assent should not be binding on him because the attorney "kept a lot of stuff" from him. Petitioner testified that he was not "privy" to the attorney's emails in which the attorney states that he was in contact with petitioner.[3] However, Ms. Bonner testified that, in January of 2014, she informed Terry N. Gould (a co-trustee of the farm trust) that she and petitioner agreed to Citizens Bank's appointment as trustee of the restated trust.[4]

At the conclusion of the August 5, 2015, hearing, the circuit court granted the farm trust's motion to compel petitioner and Ms. Bonner to execute the parties' non-judicial settlement agreement. The circuit court determined that "everybody agrees to . . . what came of the [July 2, 2013,] mediation" except for the selection of the corporate trustee to administer the restated trust. Moreover, the circuit court found that the trustee's selection constituted "a detail that needed to be sorted [out] before things were finalized[,] but [was] not a key issue upon which everything hinged." The circuit court determined that petitioner's attorney agreed to Citizens Bank's appointment as trustee. The circuit court also noted petitioner's testimony that his attorney did not keep him informed, but found that this testimony was insufficient to show that his former attorney's agreement to the appointment should not be binding on him. The circuit court explained that, "as a general rule, parties are bound by the representations of their attorney[.]"[5] Accordingly,

---

[3]The farm trust introduced petitioner's former attorney's emails into evidence at the August 5, 2015, hearing, and they are part of the record on appeal.

[4]Specifically, Ms. Bonner testified that she and petitioner agreed to Citizens Bank's appointment as trustee of the restated trust on the assumption that it managed $100 million in trust assets.

[5]As explained *infra*, on appeal, petitioner desires that we decide a question of law rather than review whether petitioner's then-attorney had the authority to bind him to the decision to appoint Citizens Bank as the trustee of the restated trust. However, to the extent the scope of petitioner's attorney's authority is still a contested issue, we find that the circuit court correctly found that petitioner did not meet the burden of showing that his then-attorney did not have such authority. We note that, in *Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 420, 664 S.E.2d 751, 761 (2008), we determined that an attorney had apparent authority to bind his clients to a settlement agreement. We explained that "[w]hen an attorney-client relationship exists, (continued . . .)

the circuit court entered an order on August 25, 2015, directing petitioner and Ms. Bonner to execute the parties' non-judicial settlement agreement.

Petitioner now appeals the circuit court's August 25, 2015, order directing him to execute the non-judicial settlement agreement pursuant to West Virginia Code § 44D-1-111.[6] "This Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement reached as a result of court-ordered mediation." Syl. Pt. 1, *Riner v. Newbraugh*, 211 W.Va. 137, 563 S.E.2d 802 (2002); *see also Messer v. Huntington Anesthesia Grp., Inc.*, 222 W.Va. 410, 417, 664 S.E.2d 751, 758 (2008) (noting that deferential standard of review applies when reviewing lower court's order enforcing settlement agreement). Moreover, West Virginia Code § 44D-1-111(b)(4) provides that parties "may enter into a binding non[-]judicial settlement agreement with respect to any matter involving a trust, including, but not limited to: . . . (4) The resignation or appointment of a trustee[.]"[7]

On appeal, petitioner abandons the argument he advocated at the August 5, 2015, hearing—that any bank appointed as trustee must meet a minimum threshold of $100 million in trust assets managed[8]—and resurrects his former position that the appointment of a corporate trustee was contrary to the decedent's intent. Respondents counter that, because the circuit court had no reason to rule on the decedent's intent, petitioner may not raise that issue on appeal. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance"). We concur with respondents. Based on our review of the record, we find that petitioner waived the issue of the decedent's intent at the August 5, 2015, hearing. "The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). Petitioner informed the circuit court on two occasions that the only issue before it was whether the July 2, 2013, settlement required the trustee to meet a minimum threshold of $100 million in trust assets managed. Therefore, we conclude that petitioner is precluded from raising the issue of the decedent's intent in this appeal.

---

apparent authority of the attorney to represent his client is presumed" and that "[w]hen an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority." *Id.* at 418-19, 664 S.E.2d at 759-60 (internal quotations and citations omitted).

[6]Ms. Bonner does not challenge the circuit court's August 25, 2015, order.

[7]West Virginia Code § 44D-1-111 constitutes part of the West Virginia Uniform Trust Code, West Virginia Code §§ 44D-1-101 to -11-1105.

[8]In his opening brief, petitioner does not mention the argument that any bank appointed as trustee must meet a minimum threshold of $100 million in trust assets managed; in his reply brief, petitioner expressly states that whether Citizens Bank manages $100 million in trust assets "[is] not the issues [sic] for this Court to consider."

4

Nonetheless, petitioner contends that he still may generally argue that any agreement of the parties to appoint a corporate trustee to administer the restated trust is contrary to a material purpose of the trust. Petitioner notes that West Virginia Code § 44D-1-111(c) provides that "[a] non[-]judicial settlement agreement is valid only to the extent it does not violate a material purpose of the trust and includes terms and conditions that could be properly approved by the court under this chapter or other applicable law." This presents a question of law which we review de novo. *See State ex rel. Baker v. Morgan County War Memorial Hosp. ex rel. Morgan County War Memorial Hosp. Bd. of Directors*, 228 W.Va. 185, 190, 718 S.E.2d 784, 789 (2010) (stating that interpretation of trust document constitutes question of law).

We note that, at the June 18, 2015, hearing, petitioner acknowledged that it was necessary to amend the charitable trust "to satisfy [Internal Revenue Code §] 501[(c)(3)]" so that it could receive the tax exemption for charitable organizations. To that end, the restated trust notes that its purpose is to apply the property and income with which it is endowed "exclusively for charitable, religious, scientific, literary[,] or educational purposes," such as supporting the decedent's farm, which is another "nonprofit tax-exempt organization." Therefore, we concur with respondents' arguments that the trust's purpose is to be a tax-exempt organization pursuant to Internal Revenue Code § 501(c)(3)—and that how the trust is administered, including the appointment of the trustee, is purely ancillary to that purpose. Therefore, we conclude that the appointment of a corporate trustee does not breach a material purpose of the trust. Accordingly, we find that the circuit court did not abuse its discretion in granting the farm trust's motion to compel petitioner to execute the parties' non-judicial settlement agreement.

For the foregoing reasons, we affirm the circuit court's August 25, 2015, order directing petitioner to execute the parties' non-judicial settlement agreement pursuant to West Virginia Code § 44D-1-111.

Affirmed.

**ISSUED: September 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5